UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELBERT L. ANDERSON,

        Plaintiff,

v.

TROY L. WHITE,

        Defendant.
_____/

Case No. 1:23-cv-1214

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Elbert L. Anderson against Troy L. White. For the reasons set forth below, this complaint should be dismissed.

### I.   Background

Plaintiff did not state when the alleged incidents occurred. At some point in time, plaintiff lived at 406 Broadway in Benton Harbor, Michigan. *See* Compl. (ECF No. 1, PageID.2).[1] Plaintiff did not state an address for defendant White. However, plaintiff identified White as his former roommate at the 406 Broadway address ("Troy L. White from Arizona Flagstaff Ex roomate [sic]". *Id*. In addition, plaintiff referred to White as having a "back bed room" at 406 Broadway. *See* Letter to Berrien County Prosecutor (ECF No. 1-1. PageID.7). Plaintiff also alleged that White is employed as a forklift driver at a manufacturing company in Benton Harbor. Compl. at PageID.2.

Plaintiff's complaint is rambling and unintelligible at times. Plaintiff alleged that White is a "scarm" [scam?] artist, that White "has a very extensive criminal record history," and

---

[1] The Court notes that plaintiff now lives at a different address in Benton Harbor.

that White has a parole violation from the "Flagstaff Arizona Department of Corrections." *Id.* at PageID.2-3. Plaintiff alleged that White told a police officer [Jakab Clark?] that plaintiff hit him in the face with a glass bottle, that the officer did not investigate plaintiff's upstairs apartment for the glass bottle, that there "was no blood up stair or down," that White went upstairs to "cutt [sic] his own face," and that "Mr. White went on the side of the house so Mr. Clark rest [arrested?] me and then Mr. White could put protective order on me so I could not come back round him so I would be out the way [sic] he could take over my apartment." *Id.* at PageID.3. Plaintiff also alleged that "Troy White is scarm [sic] artist defraud other than I am old senile I still have mental faculties." *Id.* Plaintiff asked the Court for the following relief:

> [G]et my apartment back from scarm [sic] fraud artist pray [sic] on the weak old elderly people go to Prison back [sic] there this is crime and the Parole Violation throwing me on the coffee table go back to prison for that Parole Violation. I am a City [sic] crual [sic] and unusal [sic] punishment touch me rough.

*Id.* at PageID.4.

**II. Lack of jurisdiction**

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to

determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").

Plaintiff has two potential sources of subject matter jurisdiction, federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332.  The Court will review jurisdiction as a "facial attack" on the allegations set forth in the complaint.  "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  "When reviewing a facial attack, a district court takes the allegations in the complaint as true[.]" *Id*.  Because plaintiff is proceeding *pro se*, the Court will read his complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Plaintiff has not alleged any facts to support federal question jurisdiction.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  While plaintiff's claim for relief refers to cruel and unusual punishment, there is no allegation that defendant White (a forklift driver at a manufacturing company) is a state actor subject to liability pursuant to 42 U.S.C. § 1983.  *See Smith v. City of Salem*, Ohio, 378 F.3d 566, 576 (6th Cir. 2004) (42 U.S.C. § 1983 "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law.").

Next, plaintiff has not established diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties are "citizens of different states" and that "the matter in controversy exceeds the sum or value of $75,000." *See* 28 U.S.C. § 1332(a)(1). Under § 1332, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). Plaintiff's complaint involves a dispute between roommates in Benton Harbor, Michigan. While plaintiff alleged that defendant White was from "Arizona Flagstaff", there is no allegation that White was a citizen of Arizona at the time of the alleged incident. Rather, White was living and working in Benton Harbor, Michigan, with the alleged intent to take over plaintiff's apartment in Benton Harbor. *See Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) (for purposes of establishing diversity jurisdiction, "[t]o acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.").

Finally, plaintiff has not alleged that the matter in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Plaintiff seeks non-monetary relief and has placed no value on the lease to his former apartment. *See Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). In addition, plaintiff asks to criminally prosecute White for a parole violation. A private citizen like plaintiff lacks a "judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). For all of these reasons, the Court should *sua sponte* dismiss the complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

### III. Failure to state a claim

Furthermore, even if jurisdiction existed, plaintiff failed to state a claim for relief. The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 4). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, the court is not required to conjure up unpled allegations. *See Williams*, 631 F.3d at 383; *Dietz*, 100 Fed. Appx. at 338. Thus, a complaint based upon "an unadorned, the-defendant-

unlawfully-harmed-me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Plaintiff has failed to allege a claim for relief that is plausible on its face. As discussed, plaintiff's complaint is a rambling and at times unintelligible claim that defendant White filed a false police report and "scammed" plaintiff out of his apartment. Plaintiff's complaint consists of a conclusory "the-defendant-unlawfully-harmed-me accusation" which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. For all of these reasons, even if the Court had jurisdiction, plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.   RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  November 22, 2023         /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).